# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRIAN MCLEAN,

    Plaintiff(s),

v.

SPRING MOUNTAIN TREATMENT CENTER,

    Defendant(s).

Case No.: 2:18-cv-01056-GMN-NJK

**Order**

[Docket No. 9]

Pending before the Court is a stipulation to extend the deadline to respond to the complaint until 14 days after the early neutral evaluation. Docket No. 9.

The normal course is for an early neutral evaluation to occur after the filing of a response to the complaint, *cf.* Local Rule 16-6(d), at which point the parties are formally before the Court. It is not uncommon for early neutral evaluations to proceed notwithstanding the pendency of a motion to dismiss[1] and, indeed, the briefing of such motion can help the parties understand the strengths and weaknesses of the case. Moreover, to the extent a defendant wishes to avoid the cost of challenging the sufficiency of the complaint until after an early neutral evaluation, it can file an

---

[1] The stipulation references a "responsive pleading" to which an opposition and reply brief will be filed. *See* Docket No. 9 at 1-2. A motion to dismiss is not a "responsive pleading." *See, e.g.*, *Morrison v. Mahoney*, 399 F.3d 1042, 1046-47 (9th Cir. 2005); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Nonetheless, given the reference to subsequent briefing, the Court assumes that Defendant anticipates filing a motion to dismiss. To the extent the anticipated filing is otherwise, nothing herein prevents the parties from filing a renewed stipulation that so clarifies and also explains why a different outcome is appropriate based on that clarification.

1

answer initially and then file a motion for judgment on the pleadings after the early neutral evaluation. *See* Fed. R. Civ. P. 12(c); *see also In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1083 (N.D. Cal. 2007) ("The standard applied by the court in treating a motion for judgment on the pleadings is the same as that applied by the court in considering motions to dismiss under FRCP 12(b)(6)").

In short, the stipulation has not provided sufficient justification to depart from the normal course.[2] Accordingly, the stipulation is **DENIED**.

IT IS SO ORDERED.

Dated: August 3, 2018

Nancy J. Koppe
United States Magistrate Judge

---

[2] To be clear, nothing herein prevents the parties from settling this case on their own prior to the early neutral evaluation.